

**KMZ Rosenman**
KATTEN MUCHIN ZAVIS ROSENMAN

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 office   212.940.8776 fax

May 26, 2004

**RICHARD S. JULIE**
richard.julie@kmzr.com
212.940.6450   212.894.5950 fax

Via Facsimile (318) 676-3179

Hon. Donald E. Walter
United States Senior District Judge
United States District Court for the Eastern District of New York
c/o United States District Court for the Western District of Louisiana
300 Fannin Street
Room 4200
Shreveport, Louisiana 71101

Re:   Rocky Williams v. City of New York et al.
      Docket No. 1:01-CV-04146 (DEW) (CLP)

Dear Judge Walter:

We respectfully submit this letter as a motion *in limine* by defendants The City of New York, Alfred Vargas, and Rostislav Ruvinskiy to preclude the admission of three types of evidence proffered by the plaintiff: (1) Sections of the New York City Police Department Patrol Guide governing the use of force; (2) testimony or other evidence regarding the killing of Patrick Dorismond; and (3) testimony or other evidence regarding plaintiff's alleged right to loiter in and around the lobby of an apartment building located at 903 New York Avenue, Brooklyn, New York.

### Sections of the NYPD Patrol Guide Proffered by Plaintiff Should Be Precluded Pursuant to Fed. R. Evid. 402 and 403

In plaintiff's list of exhibits, contained in the Joint Pretrial Order filed in this action, plaintiff lists the NYPD Patrol Guide regulations governing use of force as evidence in his case in chief. Defendants object to the use of this section of the Patrol Guide ("PG") for the reasons set forth below.

First, the standards set forth in the PG are established by the New York City Police Department and not the United States Constitution. In light of plaintiff's claims that his constitutional rights were violated, violations of the PG, if any, are irrelevant to the determination of whether or not his constitutional rights were violated. The PG section should therefore be precluded under Fed. R. Evid. 402, which prohibits the admission of evidence which is not relevant.

Second, any reference to alleged violations of the PG would only confuse the jury. The jury will be called upon, in this action, to determine whether the defendants violated plaintiff's constitutional rights and whether they are liable for assault and battery, which is to be evaluated



Hon. Donald E. Walter
May 26, 2004
Page 2

by the jury under essentially the same Fourth Amendment excessive force standard as is applicable to the constitutional/Section 1983 claim. If the jury is presented with the proffered portions of the PG, it is likely to assume wrongly that the PG sets out the standard by which they are to evaluate defendants' use of force, notwithstanding a contrary instruction from the Court. Therefore, any reference to alleged violations of the PG are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury. The proffered sections of the Patrol Guide should therefore be precluded pursuant to Fed. R. Evid. 403.

### Testimony or Evidence Regarding the Shooting of Patrick Dorismond Should Be Precluded

During the discovery phase of this proceeding, plaintiff's attorney, at a number of depositions, questioned witnesses regarding their knowledge of Mr. Patrick Dorismond, and regarding whether they heard any mention of Mr. Dorismond on the evening of the incident at issue in this case. According to press reports, Mr. Dorismond was an unarmed African-American male of Haitian descent who was shot and killed by one or more NYPD officers on or about March 15, 2000, the day before plaintiff's arrest which is at issue in this case. It is difficult to see how the alleged shooting of Mr. Dorismond by NYPD officers who are not parties to this action and who were not present at the scene of Mr. Williams's arrest can possibly have any relevance to the question of whether the defendants in this action used excessive force in effecting plaintiff's arrest. Evidence regarding Mr. Dorismond should therefore be precluded pursuant to Fed. R. Evid. 402. Furthermore, any discussion of Mr. Dorismond's killing, which was highly publicized and controversial, can not help but inflame the jury, causing unfair prejudice and confusion. Accordingly, such evidence should be precluded pursuant to Fed. R. Evid. 403.

### Testimony Regarding Plaintiff's Alleged Right to Be Present at 903 New York Avenue Should Be Precluded

It is undisputed that the incident giving rise to this lawsuit began when the Defendant police officers, with others, ordered plaintiff and others, who had gathered in the lobby of an apartment building at 903 New York Avenue in Brooklyn, to disperse. Plaintiff claims, in ¶13 of his Complaint, that he had the right to be present in the lobby of that building, due in part to the fact that his aunt then resided in the building. Plaintiff repeated this contention at his deposition. When plaintiff's attorney deposed the defendant officers and other police officers, he asked them a series of questions regarding plaintiff's right to be present in the lobby of the building on the evening in question. Furthermore, plaintiff lists in his witness list (which is part of the Joint

22197104.01



Hon. Donald E. Walter
May 26, 2004
Page 3

Pretrial Order) Ms. Pearl King, who, on information and belief, is plaintiff's aunt who resides or resided in the building but was not present at the scene of plaintiff's arrest. Plaintiff's counsel recently advised defense counsel that Ms. King would testify, in part, regarding plaintiff's right to loiter in the lobby of the apartment building.

Such evidence, however presented, is not relevant to any of the causes of action brought by plaintiff, and should be precluded pursuant to Fed. R. Evid. 402. Significantly, plaintiff has not brought a cause of action claiming false arrest.[1] The gravamen of the only claims remaining in this case (§ 1983 excessive force and state common law assault and battery/excessive force) is excessive force. The issues that are relevant to such claims are set out in the joint stipulated jury instructions provided by counsel to the Court. One searches these instructions in vain for any mention of plaintiff's right to be present at the scene of the arrest, probable cause, or any issue relating to the lawfulness of plaintiff's arrest. Like the other evidence proffered by plaintiff and discussed above, evidence or testimony regarding plaintiff's right to be present in the apartment building is irrelevant, unfairly prejudicial, and likely to confuse the jury, and should therefore be precluded pursuant to Fed. R. Evid. 402 and 403.

### Conclusion

For the foregoing reasons, defendants respectfully request that the Court preclude any evidence or testimony regarding the matters discussed above.

Respectfully submitted,

Richard S. Julie [RJ-4726]

cc: Michael B. Lumer, Esq. (via facsimile)
Leticia Santiago, Esq.

---

[1] In fact, plaintiff would be precluded from bringing any such claim, due to his acceptance of an Adjournment in Contemplation of Dismissal, which has been held to negate the "favorable termination" element of such a claim. *See, e.g., Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1980); *Roesch v. Otarola*, 980 F.2d 850 (2d Cir. 1992).

22197104.01